**WO**                                                                                       SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Stoller, | No. CV 11-2454-PHX-GMS (JFM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Bank of New York Mellon Trust Co., et al., | |
| Defendants. | |

Plaintiff Christopher Stoller, who is incarcerated in the Dixon Correctional Center in Dixon, Illinois, commenced this action in the Central District of Illinois.[1] That Court transferred the action to this District based on venue. (Doc. 1, 2.) Since transfer to this

---

[1] Plaintiff is a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA) because he was a prisoner at the time he commenced this action. That is, Plaintiff was a "person incarcerated or detained in any facility" who had been convicted and sentenced for violations of criminal law. 28 U.S.C. § 1915(h); 42 U.S.C. § 1997e(h). As a consequence, this case is subject to requirements under the PLRA and this action is subject to screening by the Court. 28 U.S.C. § 1915A.

District, Plaintiff has filed a motion to appoint counsel, a motion for leave to proceed *in forma pauperis*, and a motion for a temporary restraining order. (Doc. 9, 10, 12.) Plaintiff's motions will be denied. The Court will order Plaintiff to show cause why this action should not be dismissed based on his lack of the capacity to commence this action and, assuming he does so, give him 30 days to pay the filing fee or file a completed Application to Proceed *In Forma Pauperis* (Non-Habeas) on this District's approved form.

## I.     Order to Show Cause

Plaintiff filed a motion for leave to proceed *in forma pauperis*, which for the reasons discussed below, will be denied. Attached to his motion as exhibit 1 is a copy of an Order filed in late February 2011 by the Illinois Circuit Court for the Nineteenth Judicial Circuit (Illinois Probate Court) appointing the Illinois Office of the State Guardian as plenary guardian over Plaintiff's estate and person, case# 09 P 957. (Doc. 10, ex. 1.) The Illinois Probate Court determined Plaintiff to be "totally without understanding or capacity to make and communicate decisions regarding his person" and estate. (Id.) Further, at least as late as August 4, 2011, Plaintiff appeared to remain subject to that guardianship. See Bank of New York Mellon Trust Co., No. CV11-1765-PHX-GMS, doc. 21, attachment. Inasmuch as Plaintiff himself submitted the judgment, he presumably does not contest its validity. If the judgment remains in force, Plaintiff may not act as a party in this or any other action on his behalf as it relates to his estate or financial affairs. Plaintiff will be ordered to show cause within 30 days to support that he had the legal capacity to file this action by showing that the guardianship was terminated prior to the commencement of this action.

## II.    Payment of Filing Fee

If Plaintiff shows cause to support that he had the legal capacity to file this action, Plaintiff must either pay the $350.00 filing fee or file an Application to Proceed *In Forma Pauperis* (Non-Habeas) using this District's approved form. When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C.

§ 1915(b)(1). An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where he was confined during the six-month period. Id. To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4(a).

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

### III. Application Fails to Comply With Statute

Plaintiff has *not* used this District's approved form or submitted a certified six-month inmate account statement. For that reason, his motion to proceed *in forma pauperis* will be denied but he will be granted 30 days in which to either pay the $350.00 filing fee or to file an Application to Proceed *In Forma Pauperis* (Non-Habeas) on the approved form. If Plaintiff applies to proceed *in forma pauperis*, he must fill out, sign, and date the "Consent to Collection of Fees from Trust Account" section. He must also have the "Certificate of Correctional Official as to Status of Applicant's Trust Account" section completed *by prison officials* and submit a prison-*certified* six-month trust account statement.

### IV. Motions for a Temporary Restraining Order and Appointment of Counsel

As noted above, Plaintiff has filed a motion for a temporary restraining order and for appointment of counsel. (Doc. 9, 12.) Because it appears that Plaintiff lacked the capacity to commence this case and he has not paid the filing fee or filed a properly-completed Application to Proceed *In Forma Pauperis* (Non-Habeas), both motions will be denied without prejudice.

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Within **30 days** of the filing date of this Order, Plaintiff must show cause why this action should not be dismissed based on Plaintiff's lack of capacity to bring this action by demonstrating that the Illinois guardianship terminated prior to the commencement of this case.

(2) Plaintiff's motion to proceed *in forma pauperis* is **denied without prejudice**. (Doc. 10.)

(3) Within **30 days** of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee **or** file a completed Application to Proceed *In Forma Pauperis* (Non-Habeas) and a certified six-month trust account statement.

(4) If Plaintiff fails to either pay the $350.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a

- 4 -

1 judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

2   (5) The Clerk of the Court must mail Plaintiff a court-approved form for filing an
3 Application to Proceed *In Forma Pauperis* (Non-Habeas).

4   (6) Plaintiff's motions to appoint counsel and for injunctive relief are **denied**.
5 (Doc. 9, 12.)

6   DATED this 3rd day of January, 2012.

*A. Murray Snow*
/G. Murray Snow
United States District Judge

- 5 -

### Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis* Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court

You must pay the full filing fee of $350.00 for a civil action. If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee. However, the court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 4/9/06

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

_____,  ) CASE NO. _____
                    Plaintiff,  )
                                )
        vs.                     )    APPLICATION TO PROCEED
                                )    *IN FORMA PAUPERIS*
_____, )    BY A PRISONER
                    Defendant(s).)   CIVIL (NON-HABEAS)
                                )

    I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

    In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained? ☐Yes ☐No   If "Yes," how many have you filed? _____.
Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?   ☐Yes   ☐No   If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?   ☐Yes   ☐No
If "Yes," state the amount of your pay and where you work. _____
_____
_____

3. Do you receive any other payments from the institution where you are confined?   ☐Yes   ☐No
If "Yes," state the source and amount of the payments. _____
_____
_____

Revised 4/9/06                          1

4. Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined? ☐Yes ☐No
   If "Yes," state the sources and amounts of the income, savings, or assets. _____
   _____
   _____

   I declare under penalty of perjury that the above information is true and correct.

   _____                    _____
   DATE                                          SIGNATURE OF APPLICANT

   ---

   ### CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

   I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information. I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).
   My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:
   (A) the average monthly deposits to my account for the six-month period preceding my filing of this action, or
   (B) the average monthly balance in my account for the six-month period preceding my filing of this action.
   My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income. Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full. I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

   _____                    _____
   DATE                                          SIGNATURE OF APPLICANT

   ---

   ### CERTIFICATE OF CORRECTIONAL OFFICIAL
   ### AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

   I, _____, certify that as of the date applicant signed this application:
   (Printed name of official)
   The applicant's trust account balance at this institution is:                 $_____
   The applicant's average monthly deposits during the prior six months is:      $_____
   The applicant's average monthly balance during the prior six months is:       $_____
   The attached certified account statement accurately reflects the status of the applicant's account.

   _____
   DATE          AUTHORIZED SIGNATURE          TITLE/ID NUMBER          INSTITUTION

Revised 4/9/06                                           2