| | |
|---|---|
| **WO** | SC |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Stoller, | No. CV 11-2454-PHX-GMS (JFM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Bank of New York Mellon Trust Co., et al., | |
| Defendants. | |

Plaintiff Christopher Stoller, who is incarcerated in the Dixon Correctional Center in Dixon, Illinois, commenced this action in the Central District of Illinois.[1] That Court transferred the action to this District based on venue. (Doc. 1, 2.) In an Order filed on January 3, 2012, the Court denied Plaintiff's motion to proceed *in forma pauperis* with leave to pay the filing fee or submit an Application to Proceed *In Forma Pauperis* (Non-Habeas)

---

[1] Plaintiff is a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA) because he was a prisoner at the time he commenced this action. That is, Plaintiff was a "person incarcerated or detained in any facility" who had been convicted and sentenced for violations of criminal law. 28 U.S.C. § 1915(h); 42 U.S.C. § 1997e(h). As a consequence, this case is subject to requirements under the PLRA and this action is subject to screening by the Court. 28 U.S.C. § 1915A.

on this District's approved form for use by prisoners within 30 days. (Doc. 16.) The Court also denied Plaintiff's motion for a temporary restraining order and ordered him to show cause within 30 days why this action should not be dismissed based on his lack of capacity to commence this action at the time he filed it. (Id.) Plaintiff filed a notice of interlocutory appeal. (Doc. 19.)

On January 12, 2012, Plaintiff filed a motion for a temporary restraining order to stop foreclosure of an Arizona property on January 13, 2012. (Doc. 26.) Attached to Plaintiff's motion is a copy of an "Arizona Regional MLS-IMAPP Maricopa County Tax Report" for the property at issue. (See also doc. 1, ex. 5) (quit claim deed). This document reflects that the current owner of the property is the "Christopher Stoller Pension & Profit Sharing Plan, Ltd." (CSPPSP), pursuant to a quit claim deed from the original buyer of the property, Phillip B. Stone, to CSPPSP of September 22, 2008. (Doc. 1, ex. 5.)

To obtain injunctive relief, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); Am. Trucking Assoc., Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). In addition, the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in Winter. Alliance for the Wild Rockies v. Cottrell, 632 F. 3d 1127, 1134-35 (9th Cir. 2011). Under that test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Id. (citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)). That approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. "For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." Alliance for the Wild Rockies, 632 F.3d at 1135. A plaintiff must also satisfy the other Winter factors,

1  including the likelihood of irreparable harm. Id. The moving party has the burden of proof
2  on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp.
3  2d 1016, 1027 (E.D. Cal. 2000).

4  "No preliminary injunction shall be issued without notice to the adverse party."
5  Fed.R.Civ. P. 65(a)(1). Further, a temporary restraining order without notice may be granted
6  *only* if the applicant certifies to the court in writing the efforts, if any, that he made to give
7  notice and the reasons that notice should not be required. Fed.R.Civ.P. 65(b).

8  As an initial matter, Plaintiff appears to concede that he lacked the legal capacity to
9  commence this action and continues to lack such capacity. (Doc. 26 at 2, n.1.) Even if
10 Plaintiff had the legal capacity to commence this case, the information provided by Plaintiff
11 reflects that CSPPSP, not Plaintiff, is the current owner of the property at issue.[2] An entity,
12 such as CSPPSP, may only be represented by an attorney licensed to appear in federal court.
13 28 U.S.C. § 1654; Simon v. Hartford Live, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Plaintiff
14 neither claims nor does it otherwise appear that he is an attorney licensed to appear in federal
15 court. See Knoefler v. United Bank of Bismarck, 20 F.3d 347, 347-48 (8th Cir. 1994) (non-
16 lawyer purported trustees could not represent trust in United States court) (citing C.E. Pope
17 Equity Trust, 818 F.2d at 697-98); United States v. High Country Broadcasting Co., Inc., 3
18 F.3d 1244, 1245 (9th Cir. 1993) (*per curiam*) ("Corporations and other unincorporated
19 associations must appear in court through an attorney"); Mutual Assignment &
20 Indemnification Co. v. Lind-Waldock & Co., LLC, 364 F.3d 858, 860 (7th Cir. 2004)
21 (limited liability partnership could only be represented by an attorney in federal court); Move
22 Org. v. United States Dep't of Justice, 555 F. Supp. 684, 692-93 (E.D. Pa. 1983)
23 (unincorporated organization must appear in federal court through attorney).

24 The record before the Court does not reflect that Plaintiff is an owner of the property
25 or that Plaintiff is a licensed attorney who may represent the CSPPSP. Accordingly,
26 Plaintiff's motion for injunctive relief will be denied.

---

[2] CSPPSP is not a party to this action.

**IT IS ORDERED** that Plaintiff's motion for a temporary restraining order is **denied**. (Doc. 26.)

DATED this 13th day of January, 2012.

_____
G. Murray Snow
United States District Judge