| | |
|---|---|
| **WO** | SC |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Stoller, | No. CV 11-2454-PHX-GMS (JFM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Bank of New York Mellon Trust Co., et al., | |
| Defendants. | |

Plaintiff Christopher Stoller, who is incarcerated in the Dixon Correctional Center in Dixon, Illinois, commenced this action in the Central District of Illinois. That Court transferred the action to this District based on venue. (Doc. 1, 2.)

Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 10.) Attached to that motion was a copy of an Order filed in late February 2011 by the Illinois Circuit Court for the Nineteenth Judicial Circuit (Illinois Probate Court) appointing the Illinois Office of the State Guardian as plenary guardian over Plaintiff's estate and person, case# 09 P 957.[1] (Id.,

---

[1] For appointment of a plenary guardian, the trial court must find the disabled adult is totally without capacity. In re Estate of Fallos, 898 N.E.2d 793, 800 (Ill. Ct. App. 2008). "The probate court, **upon petition of a guardian**, . . . and **after notice to all other persons interested as the court directs**, may authorize the guardian to exercise any or all powers over the estate and business affairs of the ward that the ward could exercise if present and not under disability." 755 Ill. Comp. Stat. 5/11a-18(a) (emphasis added). In addition, "[a]ctions or applications of funds [by a guardian] may include, but shall not be limited to, the following: . . . (2) conveying, releasing, or disclaiming his or her contingent and

ex. 1.) The Illinois Probate Court determined that Plaintiff was "totally without understanding or capacity to make and communicate decisions regarding his person" and his estate.[2] (Id.)

In an Order filed on January 3, 2012, this Court denied Plaintiff's *in forma pauperis* motion because it failed to comply with the requirements for a prisoner to proceed *in forma pauperis*. (Doc. 16.) The Court granted Plaintiff 30 days in which to file an *in forma pauperis* application that substantially complied with the requirements for a prisoner to proceed *in forma pauperis*. (Id.) In addition, the Court ordered Plaintiff to show cause within 30 days why this action should not be dismissed based on his lack of legal capacity to commence this action at the time he filed it due to the guardianship. (Id.) Although Plaintiff filed other documents, he has not complied with either portion of the January 3, 2012 Order. Instead, on January 31, 2012, he filed a motion for extension of time to show cause. (Doc. 30.) The Court denied that motion where (a) Plaintiff had been provided with the court-approved Application to Proceed *In Forma Pauperis* with the January 3, 2012 Order, but failed to complete and file it and cited no reason for that failure; and (b) Plaintiff failed to allege, much less show, how and when the guardianship was terminated or to dispute that he was subject to the guardianship at the time he commenced this case. (Doc. 32.)

On February 6, 2012, Plaintiff, through counsel, filed an application to proceed *in*

---

expectant interests in property . . .; [and] (8) exercising the rights of the ward to elect benefit or payment options, to terminate, to change beneficiaries or ownership, to assign rights, to borrow, or to receive cash value in return for a surrender of rights under any one or more of the following: (i) life insurance policies, plans, or benefits, (ii) annuity policies, plans, or benefits, (iii) mutual fund and other dividend investment plans, (iv) **retirement, profit sharing, and employee welfare plans and benefits**; . . . . 755 Ill. Comp. Stat. 5/11-18(a-5) (emphasis added). Finally, the guardian of the estate of a ward shall appear for and represent the ward **in all legal proceedings** unless another person is appointed for that purpose as guardian or next friend. . . . 755 Ill. Comp. Stat. 5/11a-18(c) (emphasis added).

[2] The Probate Court noted a Physician's Report in support of its determination.

*forma pauperis* that substantially complies with the requirements for a prisoner to proceed *in forma pauperis*. (Doc. 37.) Plaintiff also filed a "Motion to Show Cause," which the Court construes as a Response to the January 3, 2012 Order. (Doc. 42.) In addition, Plaintiff filed a motion for entry of default and default judgment and a motion for injunctive relief. (Doc. 40, 44.) The Court will grant Plaintiff fourteen days in which to file a memorandum of points and authorities to support his Response. The Court will hold Plaintiff's *application* to proceed *in forma pauperis* in abeyance pending the filing of a memorandum of points and authorities. (Doc. 37.) The Court will deny Plaintiff's motions for entry of judgment and default judgment, to proceed *in forma pauperis*[3], and injunctive relief.

## I. Response to Show Cause Order

As discussed above, Plaintiff was ordered to show cause why this action should not be dismissed on the ground that he lacked legal capacity to commence this case because he was subject to a guardianship. (Doc. 16.) As the Court previously stated, if the judgment was in force at the time Plaintiff commenced this case, he lacked the legal capacity to act as a party in this or any other action on his behalf as it related to his estate or financial affairs. (Doc. 16 at 2.)

In his Response, Plaintiff's counsel asserts that Plaintiff has the capacity to bring an action to discharge his guardian. Even assuming the truth of the assertion, that does not establish that Plaintiff, rather than his guardian, had the legal capacity to file this suit. Plaintiff also states that he is currently seeking to terminate the guardianship. Again, that does not establish that he had the legal capacity to commence this case. Plaintiff also argues that he has a Fifth Amendment right to commence a proceeding affecting his property rights and that the Fifth Amendment "trump[s]" state law because Plaintiff, as a ward, is entitled to due process prior to losing an interest in property that he may possess. (Doc. 42.) He also asserts that a ward can bring an action to prevent the loss of property rights in real estate "in

---

[3] Plaintiff filed a *motion* for leave to proceed *in forma pauperis*, which did not comply with this District's requirements and which will be denied. (Doc. 35.)

conformity of [sic] the due process rights." (Id. at 2.) Aside from citing the Fifth Amendment, Plaintiff fails to cite specific authority to support that a person subject to a guardianship has the legal capacity to commence a suit independent of his guardian.

Plaintiff does not dispute that he was subject to a guardianship at the time he commenced this action. Nor does he claim that his guardian has approved the retention of counsel on his behalf in connection with this case or that the Illinois Probate Court has approved such retention. Indeed, it appears unlikely that Plaintiff's guardian or the Probate Court are even aware that Plaintiff commenced suit while subject to a guardianship. Plaintiff has not otherwise demonstrated that he had the legal capacity to commence this suit. Under these circumstances, the Court will order Plaintiff to file a memorandum of points and authorities within fourteen days from the filing date of this Order to support that he had the legal capacity to commence this action while subject to a plenary guardianship. The failure to file a memorandum of points and authorities within 14 days from the filing date of this Order will result in the dismissal of this action without further notice. In addition, because it appears that Plaintiff lacked the legal capacity to commence this action, or to seek injunctive relief, Plaintiff's *in forma pauperis* application will be held in abeyance pending the submission of a memorandum of points and authorities to support that he had the legal capacity to commence this case and his motion for injunctive relief will be denied.

**II.     Motion for Entry of Default and Default Judgment**

As noted above, Plaintiff has filed a motion for entry of default and default judgment. (Doc. 44.) At the time Plaintiff commenced this case he was a "prisoner" within the meaning of the Prisoner Litigation Reform Act (PLRA). Under the PLRA, a "prisoner" is a "person incarcerated or detained in any facility" who has been convicted and sentenced for violations of criminal law. 28 U.S.C. §§ 1915(h), 915A(c) 42 U.S.C. § 1997e(h). As a consequence, this case is subject to PLRA requirements, including screening of any complaint. 28 U.S.C. §§ 1915(h), 1915A. Further, a defendant is not required to respond to a prisoner complaint prior to screening of the complaint by the court. 42 U.S.C. § 1997e(g). Because the

Complaint has not yet been screened, Defendants were not required to respond to the Complaint. Accordingly, Plaintiff's motion for entry of judgment and default judgment will be denied.

**IT IS ORDERED**:

(1) Plaintiff's motion to proceed *in forma pauperis* is **denied**. (Doc. 35.)

(2) Plaintiff's motion for entry of default and default judgment is **denied**. (Doc. 44.)

(3) Plaintiff's motion to show cause is construed as a Response to the Court's January 3, 2012 Order requiring him to show cause. (Doc. 42.)

(4) Within **14 days** of the filing date of this Order, Plaintiff must file a memorandum of points and authorities to support his Response, Doc. 42, to the Court's January 3, 2012 Order. If Plaintiff fails to file a memorandum of points of authorities in support of his Response within 14 days, the Clerk of Court must enter judgment of dismissal of this action without further notice.

(5) Plaintiff's motion for injunctive relief is **denied**. (Doc. 40.)

DATED this 9th day of February, 2012.

_____
G. Murray Snow
United States District Judge