| | |
|---|---|
| **WO** | SC |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Stoller, | No. CV-11-2454-PHX-GMS (JFM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Bank of New York Mellon Trust Co., et al., | |
| Defendants. | |

Plaintiff Christopher Stoller, who is incarcerated in the Dixon Correctional Center in Dixon, Illinois, commenced this action *pro se* in the Central District of Illinois. That Court transferred the case to this District based on venue. (Doc. 1, 2.) Plaintiff subsequently submitted to this Court a copy of a February 2011 Order issued by the Illinois Circuit Court for the Nineteenth Judicial Circuit (Illinois Probate Court) appointing the Illinois Office of the State Guardian as plenary guardian over Plaintiff's estate and person, case# 09 P 957.[1]

---

[1] For appointment of a plenary guardian, the trial court must find the disabled adult is totally without capacity. In re Estate of Fallos, 898 N.E.2d 793, 800 (Ill. Ct. App. 2008). "The probate court, **upon petition of a guardian**, . . . and **after notice to all other persons interested as the court directs**, may authorize the guardian to exercise any or all powers over the estate and business affairs of the ward that the ward could exercise if present and not under disability." 755 Ill. Comp. Stat. 5/11a-18(a) (emphasis added). In addition, "[a]ctions or applications of funds [by a guardian] may include, but shall not be limited to, the following: . . . (2) conveying, releasing, or disclaiming his or her contingent and expectant interests in property . . .; [and] (8) exercising the rights of the ward to elect benefit or payment options, to terminate, to change beneficiaries or ownership, to assign rights, to

(Doc. 10, ex. 1.) The Illinois Probate Court determined that Plaintiff was "totally without understanding or capacity to make and communicate decisions regarding his person" and his estate.[2] (Id.) In an Order filed on January 3, 2012, this Court ordered Plaintiff to show cause within 30 days why this action should not be dismissed based on his lack of legal capacity to commence this action due to the guardianship. (Id.) On January 31, 2012, Plaintiff filed a motion for extension of time to comply with the January 3, 2012 Order in any respect despite filing various other matters in this case. (Doc. 32.)

On February 6, 2012, Plaintiff, appearing for the first time through counsel, filed an application to proceed *in forma pauperis* that substantially complied with the requirements for a prisoner to proceed *in forma pauperis*, which had also been required by the January 3 Order. (Doc. 37.) Plaintiff's counsel also filed a "Motion to Show Cause," which the Court construed as a Response to the January 3, 2012 Order. (Doc. 42.) In addition, Plaintiff's counsel filed a motion for entry of default and default judgment and a motion for injunctive relief. (Doc. 40, 44.)

On February 9, 2012, the Court granted Plaintiff, now represented by counsel, fourteen days in which to file a memorandum of points and authorities to support the Response to the show cause order. (Doc. 48.) The Court stated that it would hold Plaintiff's *application* to proceed *in forma pauperis* in abeyance pending the filing of the memorandum and denied the other motions. (Id.)

Plaintiff, rather than his attorney, has now filed a notice of interlocutory appeal and a motion for leave to proceed *in forma pauperis* on appeal. (Doc. 50, 52.) LR Civ.

---

borrow, or to receive cash value in return for a surrender of rights under any one or more of the following: (i) life insurance policies, plans, or benefits, (ii) annuity policies, plans, or benefits, (iii) mutual fund and other dividend investment plans, (iv) **retirement, profit sharing, and employee welfare plans and benefits**; . . . . 755 Ill. Comp. Stat. 5/11-18(a-5) (emphasis added). Finally, the guardian of the estate of a ward shall appear for and represent the ward **in all legal proceedings** unless another person is appointed for that purpose as guardian or next friend. . . . 755 Ill. Comp. Stat. 5/11a-18(c) (emphasis added).

[2] The Probate Court noted a Physician's Report in support of its determination.

- 2 -

1  83.3(c)(2) provides that whenever an attorney has appeared for a party in a case, the party
2  may not thereafter appear or act in his own behalf or take any steps therein, unless a notice
3  of substitution of counsel shall have first been made, and that an attorney who has appeared
4  of record shall sign all papers filed on behalf of the party.  Plaintiff's motion to proceed *in*
5  *forma pauperis* on appeal has not been signed by his attorney and will be ordered stricken.

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* on appeal is ordered **stricken.**  (Doc. 52.)

DATED this 14th day of February, 2012.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge